

# Opinion

### In The

## Court of Appeals

### For The

## First Supreme Judicial District of Texas

---

### NO. 01-87-00137-CV

---

### VALERO TRANSMISSION COMPANY, APPELLANT

### V.

### MITCHELL ENERGY CORPORATION, APPELLEE

---

**On Appeal from the 295th District Court
of Harris County, Texas
Trial Court Cause No. 85-05219**

---

### OPINION ON REHEARING

---

In its motion for rehearing, Valero Transmission Company urges the same arguments as in its original appeal, but also contends that an order of the Texas Railroad Commission, rendered after the temporary injunction was entered in this case, requires that our opinion be withdrawn and the injunction dissolved.

On original submission, we held that under the proper standard of review, Valero had not carried its burden to show that the injunction was illegal or required Valero to take gas in violation of Texas law. The temporary injunction

requires Valero to take from Mitchell Energy an amount of gas equal to the prorated allowable set for Mitchell's wells by the Texas Railroad Commission. To prevent lease loss, Valero must take an amount equal to one day's production from each well, but again only if that amount does not exceed the well's prorated allowable. Thus, the injunction's requirements are expressly tied to the legally allowed production quotas set by the Texas Railroad Commission. Valero has not proven its defense of illegality.

In a separate proceeding before the Texas Railroad Commission, Valero apparently sought to have Mitchell's well allowables set at zero, and was successful. Valero now contends that this result, and the Commission's order, vitiates our interpretation of the Texas Natural Resources Code and Railroad Commission regulations. Although some language in the Railroad Commission's order may appear inconsistent with our own findings, Mitchell correctly points out that that order is not properly before this Court. We are limited to the record made in the trial court. We do not know what evidence the Railroad Commission considered or whether the issues before it were identical to those before the trial court in the instant case. We therefore cannot say that the Railroad Commission's order is dispositive of the issues in this appeal.

Moreover, the temporary injunction is not inconsistent with the Railroad Commission's order. Again, the injunction's requirements are specifically defined with reference to the allowables set by the Texas Railroad Commission. Thus, because Mitchell's allowables are now set at zero, and the injunction requires Valero to take only the amount of Mitchell's allowable, Valero is not currently required by the injunction to take any gas under the contract.

The motion for rehearing is overruled.

/s/ Frank G. Evans
FRANK G. EVANS,
Chief Justice

Justices Cohen and Hoyt also sitting.

Publish. Tex. R. App. P. 90.

Judgment Rendered and Opinion Delivered January 14, 1988.

True Copy Attest:

Kathryn Cox,
Clerk of Court

-3-